UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 09-22524

LEWIS B. FREEMAN,

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.

FILED by ___ D.C.

AUG 2 7 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## CIV-JORDAN

Case No.     / McALILEY

COMPLAINT FOR REFUND
OF INTERNAL REVENUE SERVICE
PENALTY

)
)
)
)
)
)
)
)

COMES NOW the Plaintiff, Lewis Freeman ("Freeman"), by his undersigned counsel, and hereby brings this action against Defendant, United States of America, and complains and alleges as follows:

## PARTIES

1.  Plaintiff is a citizen of the United States and a resident of the state of Florida, county of Miami- Dade, within the Southern District of Florida.

2.  The United States of America is named as a party pursuant to §7422(f)(1) of the Internal Revenue Code of 1986, as amended (26 U.S.C.) ("Internal Revenue Code"). The actions complained of herein were taken by the Defendant through its agency, the Internal Revenue Service.

1

## JURISDICTION

3.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1346(a); 26 U.S.C. §§ 6703(c), and 7422.

## VENUE

4.    Venue is proper in this Court pursuant to 28 U.S.C. 139€.

## CLAIMS

5.    This is an action to recover a penalty erroneously, illegally and improperly assessed and wrongfully collected from Plaintiff pursuant to §6700 of the Internal Revenue Code.

## JURISDICTIONAL FACTS

6.    On or about February 9, 2009, Plaintiff was issued a "Notice of Penalty Charge" issued by the Internal Revenue Service ("IRS") advising Plaintiff that the IRS assessed Plaintiff a penalty for promoting an "abusive tax shelter" in the amount of $4,827,000. The Notice indicated that for "activities after December 31, 1989, the penalty is $1,000 or 100 percent of the gross income derived (or to be derived) from the activity, whichever is less." The Notice

2

contained no dates of activity, no grounds or reasons for the assertion of the penalty, nor did it contain any computation of the amount of the penalty.

7.    On or about March 11, 2009, Plaintiff paid to the United States Treasury the amount of $3,000, evidence of which is attached as Exhibit A and incorporated herein by reference.

8.    On or about March 11, 2009, Plaintiff filed with the Internal Revenue Service Form 6118, Claim for Refund of Tax Return Preparer and Promoter Penalties ("Claim for Refund") assessed in the aforementioned Notice of Penalty Charge.  A copy of the Form 6118 is attached as Exhibit B and incorporated herein by this reference.

9.    The amount paid of $3,000 satisfies the requirements of §6703(c)(1) of the Internal Revenue Code because the penalty, as computed by Defendant, is divisible on the basis of distinct transactions or activities; that is, the alleged participation in the promotion of an employee parking benefit plan.  Alternatively, the amount paid is the amount required by 26 U.S.C. §6703(c)(1) because the payment is equal to or exceeds 15% of the penalty assessed for each activity.

10.   The action of the Defendant, through its agents, in assessing and collecting the promoter penalty as referenced above, was improper, illegal, and erroneous.

11.   On August 3, 2009, the Internal Revenue Service issued a Notice of Claim Disallowance.  Pursuant to the terms of § 6703(c), this suit was properly commenced on or before September 2, 2009.

12.   The Notice of Claim Disallowance acknowledges that Plaintiff's Claim for Refund satisfied the claim for refund procedures under §6703.

BACKGROUND FACTS

13.   Upon information and belief, Defendant has asserted that Plaintiff is subject to a penalty under       § 6700 of the Internal Revenue Code because of actions Plaintiff purportedly took in the promotion or sale of one or more employee parking benefit plans, which is governed by §132(f) of the Internal Revenue Code ("§132(f) Plan").

14.   Upon information and belief, Defendant alleges that the §132(f) Plan purportedly promoted by Plaintiff, along with four other individuals, was an abusive tax sneiter.

15. The law firm of Greenberg Traurig issued an opinion letter stating that the §132(f) Plan was in compliance with the mandates of the Internal Revenue Code.

16. Upon information and belief, Defendant further asserts that the §132(f) Plan was sold to four employers in South Florida, and to one additional entity (Global Consulting, Inc.) which, in turn, sold the plan to 15 employers outside of South Florida. Defendant further asserts that these employers, along with some of the above-mentioned individuals, then sold the plan to each of the 19 employers' employees. The §132(f) Plan was allegedly utilized by 4,827 employees. Defendant has not identified which of the alleged "promoters" or employers was specifically involved with which employee, nor has Defendant identified, even when specifically requested by Plaintiff to do so, any of the individual employees who allegedly purchased the parking plan and for which penalties have been assessed against Plaintiff.

17.  Upon information and belief, Defendant asserts that Plaintiff was liable for a promoter penalty pursuant to §6700 for his involvement in the §132(f) Plan.  The penalty was computed by multiplying the 4,827 employees allegedly affected by the §132(f) Plan times $1,000.

18.  Assuming *arguendo* that the promotion of the §132(f) Plan is within the ambit of §6700 of the Internal Revenue Code, Plaintiff was involved in the marketing and sale of only one §132(f) Plan.  Plaintiff had no involvement, connection, or interaction with any employee affected by the §132(f) Plan, or with any of the 18 employers who ultimately implemented the plan.

19.  The §132(f) Plan in which Plaintiff participated was not an abusive tax scheme subject to the penalty provisions of §6700 of the Internal Revenue Code.

20.  Plaintiff had no role in the §132(f) Plans that would subject him to the penalty provisions of §6700 of the Internal Revenue Code.

21.  Defendant's determination is based on an erroneous conclusion regarding Plaintiff's involvement in the §132(f) Plan.  The alleged factual basis for the assessment of a

6

penalty against Plaintiff is inaccurate, without any rational basis in law or fact, and frivolous.

22. Even if §6700 of the Internal Revenue Code was applicable to Plaintiff, Defendant has failed to compute properly the amount of the penalty by erroneously basing it on the number of employees "affected" by the §132(f) Plan.

23. Moreover, Defendant has failed to assess a penalty against Plaintiff pursuant to the 19 sales that occurred at the entity level, and cannot therefore make any claims against Plaintiff for those purported "activities."

## CLAIM FOR RELIEF

### REFUND OF AMOUNT PAID AND ABATEMENT OF PENALTY ASSESSMENT

24. Plaintiff has paid the amount required by §6703(c)(2), and has made a proper Claim for Refund of the promoter penalty assessed in accordance with the provisions of §6700 and §6703 and other applicable law.

25. Defendant denied the aforementioned Claim for Refund on August 3, 2009, and in so doing conceded that the requirements of §6703(c) of the Internal Revenue Code had been satisfied.

-

26. The assessment of the promoter penalty against Plaintiff is erroneous, invalid, unlawful and unauthorized for the following reasons:

(a) No showing has been made that the §132(f) Plan at issue was an abusive tax shelter, or even that the same plan was marketed or sold to each employer or employee;

(b) Plaintiff cannot be shown and has not been shown to have organized, promoted, sold or participated in the organization or sale of any plan or arrangement subject to the provisions of §6700; has not, and cannot be shown to have made any false or fraudulent statements with regard to the allowability of a deduction or credit, nor has he caused another person to furnish same; has not, and cannot be shown to have known or had any reason to know that any statements made were false or fraudulent;

(c) The penalty was erroneously calculated and unauthorized under the applicable provisions of §6700 and case law inasmuch as the Defendant is not authorized to make assessments that exceed the authority of the statute;

(d) The penalty was erroneously calculated inasmuch as Defendant has failed to establish that Plaintiff participated in 4,827 "activities" as that term is defined in the statute and by case law·

8

(e)   The penalty was erroneously calculated and assessed with respect to the "number of employees affected by the plan," rather than with respect to each of the entities, as required by the statute;

(f)   The penalty was erroneously calculated inasmuch as no showing has been made of the "gross income derived (or to be derived) by such person from such activity;"

(g)   The penalty was erroneously calculated because the "gross income derived (or to be derived) by such person from such activity" was $117,776, which is less than the $4,827,000 proposed by the government; and which will be further reduced by additional ongoing ordinary and necessary expenses attributable to contesting this assessment and properly attributable to the activity.

(h)   The penalty imposed effects a deprivation of Plaintiff's property without due process of law in violation of the 5th and 14th Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(i)    An Order of this Court declaring the assessment of the §6700 promoter penalty to be unauthorized, unlawful, erroneous, and void;

(ii)    An Order of this Court requiring Defendant to refund to Plaintiff $3,000 plus interest as provided by law;

(iii)    An Order of this Court requiring Defendant to abate the remaining penalty assessed against the Plaintiff as contained in the Notice of Penalty Charge;

(iv)    An award of attorneys' fees and costs pursuant to the provision of 26 U.S.C. §7430 and 28 U.S.C. §2412; and



(vi)    Such other and further relief as this Court deems just and proper.


Dated:    August 27, 2009

Respectfully Submitted,

_____
CHARLES L. RUFFNER
Fla. Bar ID No. 0069441
cruff7117@aol.com
Law Office of Charles L. Ruffner
8830 S.W. 67th Court
Miami, FL 33156-1700
Telephone: (305) 669-1904
Fax: (305) 668-6672

Attorney for Plaintiff

EXHIBIT A
TO CIVIL COMPLAINT OF
LEWIS B. FREEMAN, PLAINTIFF
VS.
UNITED STATES OF AMERICA

**LEWIS B. FREEMAN**
3225 AVIATION AVENUE, SUITE 501
MIAMI, FL 33133

OCEAN BANK
MIAMI, FL 33122
63-1139/660

5634

03/10/2009

PAY TO THE
ORDER OF    Department of the Treasury

**INTERNAL REVENUE SERVICE**
W & I - FIELD ASSISTANCE
MIAMI, FL 33130

$ **3,000.00

Three Thousand and 00/100************************************************************************************************ DOLLARS

MAR 1 0 2009

Department of the Treasury
Internal Revenue Service
Kansas City, MO  64999-0202

**PROOF OF DELIVERY ONLY**
**THIS IS NOT AN OFFICIAL RECEIPT**
31212

MEMO ████4780 CVL-PEN

⑈005634⑈ ⑆066011392⑆ 2020022174⑈06

---

CUT HERE

Return this voucher with your payment or correspondence.

Your Telephone Number:        Best Time to Call:
(   )   -                     10 AM  5 PM
305  443-6622

S0          200904      40          49254-766-52006-8

15    Internal Revenue Service
      Cincinnati, OH  45999-0010

      հահահահահահահահուհատուՈՈատունհ

Amount you owe:        $4,827,000.00
* You will avoid additional penalties and/or
  interest if we receive your full payment by
  February 19, 2009
☒ Amount enclosed:    $3,000.00
* Make payable to United States Treasury
* Write Taxpayer Identification Number, tax
  period and tax form number on payment
☒ Correspondence enclosed

LEWIS B FREEMAN
2701 S BAYSHORE DR STE 401
COCONUT GROVE FL  33133-5359014

108364780 LA FREE 55 0 200412 670 00482700000

1/4

*Ex. A to Complaint*

EXHIBIT B
TO CIVIL COMPLAINT OF
LEWIS B. FREEMAN, PLAINTIFF
VS.
UNITED STATES OF AMERICA

Form **6118**
(Rev. December 2008)
Department of the Treasury
Internal Revenue Service

## Claim for Refund of Tax Return Preparer and Promoter Penalties

▶ For Penalties Assessed Under IRC Sections 6694, 6695, 6700, and 6701.
▶ See instructions on page 2.

OMB No. 1545-0240

**Print or Type**

| | |
|---|---|
| Name of preparer or promoter | Identifying number |
| Lewis B. Freeman | See instructions. |
| Address to which statement(s) of notice and demand were mailed | ████-4780 |
| 2701 S. Bayshore Drive, Suite 401 | IRS office that sent statement(s) |
| City, town or post office, state, and ZIP code | |
| Coconut Grove, FL 33133-5359014 | Memphis, TN 37501-0010 |
| Address of preparer shown on return(s) for which penalties were assessed (if different from above) | |

**Type of Penalty. Enter letter in column (c) below.**

A   Understatements due to unreasonable positions—section 6694(a)
B   Willful or reckless conduct (intentional disregard of rules and regulations)—section 6694(b)
C   Failure to furnish copy of return or claim for refund to taxpayer—section 6695(a)
D   Failure to sign return or claim for refund—section 6695(b)
E   Failure to furnish identifying number—section 6695(c)
F   Failure to retain copy or list—section 6695(d)

G   Failure to file a record of return preparers—section 6695(e)(1)
H   Failure to include an item in the required record of return preparers—section 6695(e)(2)
I   Negotiation of check—section 6695(f)
J   Failure to exercise due diligence in determining eligibility for, and/or amount of, the earned income credit—section 6695(g)
K   Promoting abusive tax shelters, etc.—section 6700
L   Aiding and abetting understatement of tax liability—section 6701
M   Other (specify) (see instructions)

**Identification of Penalties. Enter the information from your statement.**

| | (a) Statement document locator number (DLN) | (b) Date of statement | (c) Type of penalty | (d) Name(s) of taxpayer(s) |
|---|---|---|---|---|
| 1 | | 2/09/2009 | K | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |

| | (e) Taxpayer's identification number | (f) Form number | (g) Tax year | (h) Amount assessed | (i) Amount paid | (j) Date paid (mo., day, yr.) |
|---|---|---|---|---|---|---|
| 1 | | | 2004 | 4,827,000* | 3,000.00 | 3/10/2009 |
| 2 | | | | | | |
| 3 | | | | *(divisible | | |
| 4 | | | | penalty | | |
| 5 | | | | $1,000/violation | | |
| 6 | | | | 15% x $20,000 | | |
| 7 | | | | paid for | | |
| 8 | | | | 20 alleged | | |
| 9 | | | | violations) | | |
| 10 | | | | | | |
| 11 | | | | | | |
| 12 | | | | | | |

**Amount of Claim. Enter the total of column (i), lines 1 through 12  .  .  .  ▶**    3,000.00

**Sign Here**

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

▶ _Lewis B. Freeman_
Signature

▶ 3-11-09
Date

For Privacy Act and Paperwork Reduction Act Notice, see back of form.      Cat. No. 24415J      Form **6118** (Rev. 12-2008)

_Exhibit "B" To Complaint      B-1_

Form 6118 (Rev. 12-2008)                                                                 Page **2**

## General Instructions

*Section references are to the Internal Revenue Code unless otherwise noted.*

### Purpose of Form

Use Form 6118 if you are a tax return preparer and want to claim a refund of preparer or promoter penalties you paid but that you believe were incorrectly charged.

### Claims for More Than One Penalty

If you are claiming a refund for more than one of the penalties listed, you may be able to combine some of the penalties on one Form 6118. Follow the chart below for combining the penalties. See *Type of Penalty* on the form for the list of penalties.

| IF you were billed... | THEN combine penalties... |
| --- | --- |
| On the same statement | G and H only |
| On separate statements but by the same IRS office or service center | C, D, E, and F only<br><br>Note. Be sure to group the penalties from each statement together. |

You cannot combine:

● Penalties from different IRS offices or service centers. See *When and Where To File* below.

• Penalties A, B, I, J, K, L, and M. You must file a separate Form 6118 for each of these even if you were charged for two or more of the same type. Penalties K and L must file a separate Form 6118 for each of these even if you were charged with both. Only columns (b), (c) and (g) through (j) need to be completed for penalties under sections 6700 and 6701.

### Where and When To File

File Form 6118 with the IRS service center or IRS office that sent you the statement(s). Your claim under sections 6694 and 6695 must be filed within 3 years from the date you paid the penalty. Your claim under sections 6700 and 6701 must be filed within 6 years from the date you paid the penalty.

## Specific Instructions

### Identifying Number

If you are self-employed or employed by another preparer, enter your social security number. If you are the employer of other preparers, enter your employer identification number.

### Type of Penalty

For item M (other penalties), enter the name of the penalty and the corresponding Internal Revenue Code section.

## Additional Information

You may want to attach a copy of the penalty statements to your claim. In addition to completing the form, you must give your reasons for claiming a refund for each penalty listed. Identify each penalty by its line number and write your explanation in the space below.

For additional information about refunds of preparer penalties, see Regulations section 1.6696-1.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Subtitle F, Procedure and Administration, allows for additions to tax, additional amounts, and assessable penalties. This form is used by return preparers to make a claim for refund of any overpaid penalty amount. Section 6696 requires the return preparer to provide the requested information including his taxpayer identification number (SSN or EIN) within the prescribed time for filing a claim for refund. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia for use in administering their tax laws.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

Generally, tax returns and return information are confidential, as required by section 6103. However, section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your return to others as described in the Code. For example, we may disclose your tax information to the Department of Justice for civil and criminal litigation, and to cities, states, and the District of Columbia for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is: Recordkeeping, 6 min.; Learning about the law or the form, 17 min.; Preparing the form, 11 min.; and Copying, assembling, and sending the form to the IRS, 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send this form to this address. Instead, see *Where and When To File* above.

Reasons for claiming refund. Attach additional sheets if more space is needed. Write your name and identifying number on each sheet.

**Please see additional sheets attached. As per the instructions above, because this is a claim for refund of a penalty**

**assessed under Section 6700, only columns (b) (c) and (g) through (J) have been filled out.**

*EX. B-2*

Attachment Page 1 / Form 6118 /Lewis B. Freeman/ID # ████4780

      1.As to the 4,827 purported plan sales to individual employees that Lewis B. Freeman ("TP") is alleged to have made and upon which any assessed 6700 penalties are based:

A. TP did not make any sales to any employees.
    TP was not a promoter.
    TP did not promote any sales to employees.
    TP did not solicit any employees.
    TP did not advertise any sales to any employees;
    TP was not paid by any of the employees.
    TP did not meet any of the employees.
    TP did not speak to any of the employees.
    TP had no privity with any employees .
    TP had no nexus to the sales to any employees.
    TP had nothing to do with the forms used to enroll any employees.
    TP was not an employee of any company that sold the plan to the employees..
    TP does not know the identity of any employee who purchased the plan.
    TP did not market the plan to any employees.

  B.  The government does not have information to show the exact date of any sale to any employers or sales to any employees, and therefore cannot ascertain that any sales were actually made, nor the number thereof, nor the sales methods used, nor who solicited the sales, nor to whom the sales were made, nor by whom the sales were made, nor where the sales were made, nor what was communicated to the employees nor by whom, nor how the employees were solicited nor whether any promotional activities were employed.

 TP was not an officer, employee nor partner with Ricardo de Cubas, Michael Harvey, Jason Harvey, Global Consulting, Inc., nor any of their affiliated or related entities.

 TP was not an officer, employee nor partner with Corporate Benefit Solutions, LLC.

TP did not knowingly create any illegal plan.

 TPdid not participate in the preparation of any implementation guide.

TP did not prepare nor issue any tax opinion for the plan. TP helped select a competent independent law firm and tax attorney for the purpose of obtaining a legal tax opinion to which TP subscribed.

*Ex. 0-2*

Attachment page 2/ Form 6118/ Lewis B. Freeman/ID# ████-4780

TP did not give tax advice to Michael Harvey or anyone else regarding the plan.

TP did not develop and implement an abusive scheme, nor knowingly create any illegal plan.

The Internal Revenue Service relied upon unsubstantiated heresay in developing its case without giving TP any chance to rebut or disprove the untrue allegations.

TP did not provide tax advice and generally consult with Michael Harvey about the plan.

TP had no tax professional contacts with advance knowledge as to programs that the Internal Revenue Service was going to implement to crack down on alleged abusive parking plans.

On July 19, 2005, TP was interviewed by Internal Revenue Agent Angela Ochoa regarding his involvement in a parking benefit plan for employees. TP heard nothing more from Agent Ochoa nor anyone else in the Internal Revenue Service, and assumed that the government was satisfied that he had not participated in any acts that would give rise to any civil tax penalties. Then, on February 9, 2009, the Internal Revenue Service, without warning or advance notice, issued a Notice of Penalty Charge advising TP that he had been assessed a Civil Penalty under Section 6700 of the Internal Revenue Code in the amount of $4,827,000.00. No copy was sent to TP's Power of Attorney holder, even though Agent Ochoa had been furnished with a properly prepared IRS Form 2848 at the original interview. The Notice was sent to an office that TP does not regularly work out of, so TP did not receive the Notice until almost a week after it was issued. No explanation was given as to the method of calculating the assessment, the Notice advised TP that he had to pay the sum of $724,050 within 30 days of the issuance of the original notice, or by March 11, 2009, in order to be able to contest the assessment under IRS Sec.6703. No IRS audit report was furnished to TP explaining the factors that the IRS had relied upon in determining that he was liable for the Civil Penalty. TP was not contacted at any time for any explanation nor was any attempt made by the IRS to ascertain the amount that TP derived from the activity nor how much he may ultimately derive from the activity. TP's attorney telephoned Agent Ochoa and reached her answering machine on several occasions and left messages for her to call him back to explain the factors behind and amount of the assessment, but she did not return any calls. Finally, TP's attorney contacted the Office of the Taxpayer Advocate for assistance, and on Friday, March 6, 2009 the representative of the Taxpayer Advocate's office sent a fax to Agent Ochoa's Group Manager demanding that contact be made by Agent Ochoa and that a proper explanation be given to TP. Agent Ochoa called TP's POA on March 6, and admitted receiving his calls and deliberately ignoring them "because she no longer had the file", and  that she had written a 30 page report which was never sent to TP, but that she had made no effort to call TP's attorney back nor send TP a copy of her 30 page report. When TP's attorney requested a copy, Agent Ochoa said she no

*Ex. 8-4*

Attachment, page 3/Form 6118/ Lewis B. Freeman/ID # ███-4780

longer had the file and would have to get permission from her Group Manager, Terry Davis, to furnish any information to the TP or his attorney. When reminded that TP had only 3 working days in order to furnish a response and determine a course of action, Agent Ochoa apparently "found" her Report and mailed, by regular U.S. Mail, a copy of a 25 page report to TP's attorney, which was received late Saturday afternoon on March 7, 2009, and was the first time that TP had any opportunity to be apprised of the erroneous method of calculating the Draconian assessement that had been made against him. TP had been afforded no opportunity to rebut the allegations against him or the findings of the examining Agent, nor to appeal her findings to any other person or body in the Internal Revenue Service. *

The assessment against TP was erroneously calculated by the IRS and was done with wilful disregard of his rights under the Internal Revenue Code. The maximum that the IRS should have assessed TP was the LESSER of a)50% of the gross income derived or to be derived from the alleged abusive activity or b) $1,000 per violation. But the Agent made no attempt to determine from TP's records the amount that he personally derived or was to derive from the activity. After paying all expenses attributable to the plan, TP may ultimately derive net losses instead of any gains at all. And the Agent deliberately ignored the statutory language that limits the Section 6700 penalty to the sale of any interest in an entity and instead deliberately calculated it on multiple transactions in the fifteen entities that the IRS alleges purchased the parking plan. TP contends that the maximum penalty proposed should have been 20 sales to 20 entities times $1,000 per sale, and that TP only had to pay in 15% of $20,000., or $3,000., which he did timely pay, in order to be able to have access to redress in the federal courts. See Hargrove & Costanzo v. United States, 2008-2 U.S. T. C. , Par. 59, 545, U.S. Dist. LEXIS 79606 (E. D. CA 2008).

In conclusion, The Promoter Penalty must be abated totally and all amounts paid in by TP must be refunded to TP with interest.


*(Thus TP had been denied his administrative due process rights in derogation of the United States Constitution and in violation of Section 1203 of the IRS Restructuring and Reform Act of 1998, which had been promulgated by Congress specifically to avoid such drastic action as had been perpetrated against TP here.)

Ex. 8-5



Department of the Treasury
Internal Revenue Service
Memphis, TN 37501-0010

For assistance, call:
1-800-829-8374
Your Caller ID: 844624

Notice Number: CP15
Date: February 9, 2009

Taxpayer Identification Number:
████-4780
Tax Form: CVL PEN
Tax Year: December 31, 2004

215500.531661.0784.018 1 AT 0.346 766

LEWIS B  FREEMAN
2701 S BAYSHORE DR STE 401
COCONUT GROVE  FL  33133-5359014

L5500

Notice Of Penalty Charge                                          628

You have been charged a penalty under Section 6700 of the Internal Revenue Code for Promoting an Abusive Tax Shelter.

### Tax Statement

| | |
|---|---|
| Prior Balance | $.00 |
| Penalty Assessment | $4,827,000.00 |
| Interest Charged | $.00 |
| Bad Check Penalty | $.00 |
| Balance Due | $4,827,000.00 |

We charged you a penalty for promoting an abusive tax shelter. The penalty is $1,000 or 20 percent of the gross income you derived (or may derive) from the activity, whichever is greater. For activities after December 31, 1989, the penalty is $1,000 or 100 percent of the gross income derived (or to be derived) from the activity, whichever is less.

For activities after October 22, 2004, the penalty for making and furnishing (or causing another person to make or furnish) a statement described in IRC Section 6700(a)(2)(A) is 50 percent of the gross income derived (or to be derived) from the activity.

If you want us to remove or reduce any of the penalties we charged, you have until March 11, 2009 to pay 15% on the penalty and file a claim for a refund on a Form 6118. Forms 6118 are available at most IRS offices, or you can order one by calling toll-free 1-800-829-3676.

If we deny your claim, you may file a suit in the United States District Court within 30 days after the date we denied your claim or within six months and 30 days after the date you filed your claim, whichever is earlier. If you don't file a claim or a suit within the time limits, you'll have to pay the full amount shown below.

*Ex. 6-C*                                                Page 1



**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | $0.59 |
| Certified Fee | | $2.70 |
| Return Receipt Fee (Endorsement Required) | | $2.20 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $5.49 |

Sent To *Internal Revenue Service*
Street, Apt. No.; or PO Box No.
City, State, ZIP+4 *Memphis, TN 35701- 0010*

PS Form 3800, August 2006          See Reverse for Instructions

7007 1490 0000 5595 4417

*Lewis B. Freeman*

*Form 6118*

---

SOUTH MIAMI BRANCH
MIAMI, Florida
331439998
1158540131 -0098
03/11/2009   (305)661-0664        11:11:09 AM

Sales Receipt

| Product Description | Sale Qty | Unit Price | Final Price |
|---|---|---|---|
| MEMPHIS TN 37501 Zone-5 First-Class Letter | | | $0.59 |
| 1.80 oz. | | | |
| Return Rcpt (Green Card) | | | $2.20 |
| Certified | | | $2.70 |
| Label #:  70071490000055954417 | | | |
| Issue PVI: | | | $5.49 |

Total:                                    $5.49

Paid by:                                  $5.49
AMEX
  Account #:        XXXXXXXXXXXX4001
  Approval #:       522388
  Transaction #:    178
  23 903520559 4094738069

Order stamps at USPS.com/shop or call
1-800-Stamp24. Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000202944194
Clerk: 04

All sales final on stamps and postage
Refunds for guaranteed services only
Thank you for your business
*****************************************
*****************************************
HELP US SERVE YOU BETTER

Go to: http://gx.gallup.com/pos

TELL US ABOUT YOUR RECENT
POSTAL EXPERIENCE

YOUR OPINION COUNTS
*****************************************
*****************************************

Customer Copy

*Ex. O-7*

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**09-22524**

**I. (a) PLAINTIFFS**

Lewis B. Freeman

CIV-JORDAN

**DEFENDANTS**

United States of America/Internal Revenue Service

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   / McALILEY

Charles L. Ruffner,  8830 S W 67 Court, Miami, Fl. 33156-1700
305-669-1904
Edward Shohat, Bierman, Shohat, 800 Brickell Ave., Miami, Fl.33131
305-358-7000

FILED by _ru5_ D.C.

AUG 27 2009

Attorneys (If Known)

Attorney General of the United States

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. — MIAMI

**(d)** Check County Where Action Arose: ☑ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  ☐ HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff | | | | | and One Box for Defendant) | | |
|---|---|---|---|---|---|---|---|---|---|
| | | (For Diversity Cases Only) | | PTF | DEF | | | PTF | DEF |
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question (U.S. Government Not a Party) | Citizen of This State | | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| ☑ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| | | Citizen or Subject of a Foreign Country | | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

09-CV-22524-Jordan/McAliley

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☒ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | ☐ 950 Constitutionality of State |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | Statutes |
| | Other | | Detainee | | |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Re-filed- (see VI below)   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**   (See instructions second page):   a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO

JUDGE                                    DOCKET NUMBER

**VII. CAUSE OF ACTION**   Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
Tax Refund Suit involving penalty assessed under Section 6700 of the Internal Revenue Code of 1986. USA is named as a party under Section 7422(f)(1) of the Internal Revenue Code of 1986, as amended (26 U.S.C.)
LENGTH OF TRIAL via _2_ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
_Charles L. Ruffner_

DATE
August 27, 2009

FOR OFFICE USE ONLY

AMOUNT $ 350.00   RECEIPT # 1002334

8/27/09